UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 20-cv-2528

| | |
|---|---|
| Linda Parkin,<br><br>        Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc.,<br><br>        Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Experian Information Solutions, Inc.'s (hereinafter "Defendant Experian") violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq.*

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District and Defendant Experian conducts business in this District.

## PARTIES

4. Plaintiff, Linda Parkin (hereinafter "Plaintiff"), is a natural person who resides in the City of New Brighton, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

1

5. Defendant Experian is a foreign corporation incorporated under the laws of the state of Ohio, is licensed to do business in the state of Minnesota, regularly conducts business within said State, and has a registered office address located at 1010 Dale St. N, St. Paul, Minnesota 55117. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

6. Plaintiff opened a Wells Fargo Credit Card ("Wells Fargo"), bearing Account #446542XXXXXXXXXX in 2011.

7. Plaintiff's now ex-husband (Roger Thibodo ("Mr. Thibodo")) was listed as an authorized user on the Wells Fargo Account #446542XXXXXXXXXX.

8. Plaintiff opened a J.P. Morgan Chase Bank Credit Card ("Chase Bank"), bearing Account #426690XXXXXXXXXX in 2007.

9. Mr. Thibodo was listed as an authorized user on the Chase Bank credit card, account #426690XXXXXXXXXX.

10. Plaintiff and her now ex-husband were divorced on June 19, 2013.

11. As a result of the divorce Plaintiff contacted her creditors, which included Wells Fargo and Chase Bank, and instructed them to remove Mr. Thibodo as an authorized user on her accounts.

12. Wells Fargo confirmed that it removed Mr. Thibodo as an authorized user from Plaintiff's account.

13. Chase Bank confirmed that it removed Mr. Thibodo as an authorized user from Plaintiff's account.

14. On September 7, 2020, Mr. Thibodo contacted Plaintiff and told her that Defendant Experian for some unknown reason had communicated directly with Mr. Thibodo about Plaintiff's credit report and/or credit information, in violation of 15 U.S.C. §1681b.

15. Specifically, Defendant Experian illegally disclosed to Mr. Thibodo that Plaintiff had increased her debt by $10,800 on her individual Wells Fargo account.

16. Plaintiff has been informed by both Wells Fargo and Chase that Defendant Experian has a bad habit of failing to remove authorized users from accounts even after being instructed to do so by the primary account holder.

17. On or about September 8, 2020, Plaintiff disputed with Defendant Experian directly pursuant to 15 U.S.C. § 1681i and explained that it needed to correct her credit report to remove Mr. Thibodo from her accounts as an authorized user so that he will not receive her confidential personal credit information.

18. Defendant Experian failed to conduct a reasonable investigation and did not resolve Plaintiff's dispute, in violation of 15 U.S.C. §1681i.

19. Instead, Defendant Experian stated that it was Wells Fargo's problem and not Defendants.

20. This assertion was false as Defendant had continued to consider Mr. Thibodo as an authorized user and disclosed personal and confidential financial information to Plaintiff's ex-husband.

21. Prior to these disputes Plaintiff had learned that Defendant Experian provided Plaintiff's consumer report and/or credit information to Mr. Thibodo in further violation of 15 U.S.C. § 1681b.

22. Plaintiff has suffered out-of-pocket loss in the form of wasted time in dealing with Defendant Experian's violations of law in an amount not less than $500.

23. Defendant Experian continues to cause Plaintiff damage by persisting in connecting her Wells Fargo and Chase accounts to her ex-husband when she has repeatedly explained that he has been removed as an authorized user.

24. Defendant Experian prepared Plaintiff's consumer report without following reasonable procedures to assure maximum possible accuracy of the same, in violation of 15 U.S.C. § 1681e(b).

25. As a result of Defendant Experian's inaccurate reporting, Plaintiff has suffered emotional distress, loss of sleep, despair, hopelessness, embarrassment, frustration, anxiety, and loss of her privacy related to her confidential financial information, constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

26. Plaintiff is entitled to attorney's fees and costs from Defendant Experian pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

## TRIAL BY JURY

27. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Experian violated 15 U.S.C. § 1681e by furnishing Plaintiff's credit report to entities without following reasonable procedures and without ensuring the maximum possible accuracy of the information contained therein, specifically that Plaintiff's Wells Fargo and Chase accounts continued to have an authorized user when they did not.

30. Defendant Experian violated 15 U.S.C. § 1681b by furnishing Plaintiff's credit report and/or credit information to Mr. Thibodo who had no authority to have Plaintiff's confidential financial information.

31. Defendant Experian's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

32. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

33. As a result of Defendant Experian's violations of the FCRA, Plaintiff has suffered out-of-pocket expenses, invasion of her privacy, mental anguish and emotional distress in an amount to be determined at trial, pursuant to 15 U.S.C. §1681o.

34. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Experian for:

- actual, statutory and punitive damages, and costs and attorneys' fees for Defendant Experian's violation of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial; and
- for such other and further relief as the Court may deem just and proper.

Dated this 14th day of December, 2020.   Respectfully submitted,

By: s/Thomas J Lyons Jr
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Linda Parkin, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 9th day of December 2020.

s/Linda Parkin<br>
Linda Parkin